IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-167-BO

| | |
|---|---|
| PATRICK SOLOMON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAKE COUNTY SHERIFF'S )<br>DEPARTMENT, )<br>)<br>Defendant. ) | **O R D E R** |

This matter is before the Court on defendant Wake County Sheriff's Department's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). [DE 16]. The motion is ripe for adjudication. For the reasons stated herein, defendant's motion to dismiss is GRANTED.

## BACKGROUND

The complaint in this action consists of a rambling list of actions, consisting of four handwritten pages and attributed to no one in particular, taken towards the plaintiff such as "harassment of myself," "secret peeping," "unlawful attempted murder on plaintiff," and "assault by lacing marijuana." [DE 4]. The complaint was filed against the Wake County Sheriff's Department on March 8, 2013 after Magistrate Judge William A. Webb granted plaintiff's motion for leave to proceed *in forma pauperis*. [DE 3]. Plaintiff seeks $40 million in relief. Defendant motioned to dismiss on January 9, 2014. [DE 16]. In response, plaintiff asked to remove the Wake County Sheriff's Department as defendant and add Wake County Sheriff Donnie Harrison as defendant. [DE 19]. The Court construes plaintiff's response as a motion to amend.

## DISCUSSION

Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15. It is within the discretion of the court to allow or deny the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendant argued that the Wake County Sheriff's Department was not capable of being sued, and plaintiff agreed and moved to replace that defendant with Wake County Sheriff Donnie Harrison. [DE 19]. Sheriff Harrison is theoretically a proper defendant to this action.[1] Accordingly, the Court grants plaintiff's motion to amend his complaint.

However, the second argument defendant makes for the dismissal of the suit against the Wake County Sheriff's Department is equally applicable to Sheriff Harrison. Defendant alleges that the allegations in the complaint fail to state a claim for which relief may be granted. A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*,

---

[1] The Court notes that plaintiff does not specify whether he wishes to substitute Sheriff Harrison in his official or individual capacity. Although plaintiff does not state the statute under which he seeks relief here, the defendant has interpreted the suit to be brought under 42 U.S.C. § 1983. Accordingly, the Court, giving the benefit of the doubt to pro se plaintiff, presumes that the suit is now against Sheriff Harrison in his official capacity.

213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Here, the allegations in the complaint do not allege that Sheriff Harrison actually engaged in any conduct whatsoever, much less conduct that violates the rights of plaintiff that are protected under Constitutional, statutory, or common law. Rather, the complaint is a rambling list of actions plaintiff alleges were conducted against him and his family. The Court has no idea who is purported to have committed the actions or when the actions were purported to be committed. Further the complaint alleges no theory for recovery. Rather it simply states that the relief sought is $40 million. The complaint is woefully inadequate and fails to meet the Rule 12(b)(6) pleading standard delineated by the courts. Accordingly, the complaint must be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, what the Court construes as plaintiff's motion to amend [DE 19] is GRANTED, however, defendant's motion to dismiss is also GRANTED. Plaintiff's claims are DISMISSED in their entirety. The clerk is directed to close the file.

SO ORDERED.

This the 19 day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3